IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02784-BNB

THURMAN HARRISON, JR.,

    Applicant,

v.

WARDEN OF THE FREMONT CORRECTIONAL FACILITY, and
EXECUTIVE DIRECTOR OF THE COLORADO DEPARTMENT,

    Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUN 22 2009

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Applicant, Thurman Harrison, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Fremont Correctional Facility in Cañon City, Colorado. On February 13, 2009, Mr. Harrison filed *pro se* a second amended application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 raising one claim, i.e., that his sentence is completed and he should be released to mandatory parole. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.

On February 20, 2009, Magistrate Judge Boyd N. Boland ordered Respondents to file within twenty days a preliminary response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). On April 9, 2009, after being granted extensions of time, Respondents filed their preliminary response asserting that the instant action is barred by the one-year limitation period,

among other arguments. On April 27, 2009, Mr. Harrison filed a reply to the preliminary response.

The Court must construe liberally the application and the reply filed by Mr. Harrison because he is not represented by an attorney. See *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. See *Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period. Because the Court will dismiss the action as time-barred, the Court will not address Respondents' remaining arguments for dismissal.

Mr. Harrison is serving sentences under judgments of conviction from Adams County District Court case numbers 95CR1356, 96CR262, and 96CR354. Case No. 95CR1356 involved Mr. Harrison cashing several checks written from a closed account at an Albertson's food store in the summer of 1995. He was charged with theft, fraud, and habitual criminality. In March 1995, he wrote checks from a closed account at a Grocery Warehouse in Brighton, Colorado, and was charged in Case No. 96CR262 with theft and fraud. In Case No. 96CR354, he was charged with theft in connection with writing checks from a closed account at a Biggs store in Thornton during November 1995.

Pursuant to a plea agreement, he pleaded guilty to single counts of felony theft in each of the three cases, and any remaining charges were dismissed. Additionally, charges in a fourth felony case were dismissed. Mr. Harrison was sentenced to three consecutive six-year prison terms, followed by mandatory parole of three years. On

August 14, 1997, the Colorado Court of Appeals affirmed the sentence. *See People v. Harrison*, No. 96CA2037 (Colo. Ct. App. Aug. 14, 1997). On October 2, 1997, his petition for rehearing was denied. Mr. Harrison did not petition for certiorari review.

In March 1998, Mr. Harrison filed a motion for sentence reconsideration pursuant to Rule 35(b) of the Colorado Rules of Criminal Procedure, which the trial court denied without a hearing on April 2, 1998.

On July 1, 1998, Mr. Harrison filed a postconviction motion pursuant to Colo. R. Crim. P. 35(c). However, shortly thereafter, he filed a notice of appeal concerning the Colo. R. Crim. P. 35(b) reconsideration motion. Consequently, the trial court dismissed the Colo. R. Crim. P. 35(c) motion based on a finding that it lacked jurisdiction due to the pending appeal. Mr. Harrison withdrew the appeal, and on November 19, 1998, refiled the Colo. R. Crim. P. 35(c) motion. Counsel was appointed to represent Mr. Harrison on his Colo. R. Crim. P. 35(c) motion and, following the filing of amendments to the motion, the trial court denied the motion. The Colorado Court of Appeals affirmed. *See People v. Harrison*, No. 01CA0813 (Colo. Ct. App. May 9, 2002) (not published). On October 28, 2002, the Colorado Supreme Court denied certiorari review.

On December 27, 2002, Mr. Harrison filed an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in this Court. *See Harrison v. Green*, No. 02-cv-02420-REB-OES. On January 24, 2003, he filed an amended application. On June 26, 2003, former Magistrate Judge O. Edward Schlatter recommended that the amended application be denied because the claims were without merit. On December 16, 2003,

the Honorable Robert E. Blackburn adopted the recommendation of dismissal, denied the application, and dismissed the action with prejudice. Judgment was entered on December 17, 2003. On January 29, 2004, Judge Blackburn denied Mr. Harrison a certificate of appealability.

Mr. Harrison appealed from the January 29, 2004, order denying him a certificate of appealability to the United States Court of Appeals for the Tenth Circuit, which denied him a certificate of appealability and dismissed the appeal. *See Harrison v. Green*, No. 04-1026, 2005 WL 319107 (10th Cir. Feb. 10, 2005). On October 3, 2005, the United States Supreme Court denied certiorari review.

On November 7, 2005, Mr. Harrison filed a postconviction motion pursuant to Colo. R. Crim. P. 35(a) with the trial court, which denied the motion. The Colorado Court of Appeals affirmed, finding that the motion was time-barred under Colo. Rev. Stat. § 16-5-401(a) and (2)(d), and that Mr. Harrison failed to establish justifiable excuse or excusable neglect for the untimely filing. *See People v. Harrison*, No. 06CA744 (Colo. Ct. App. May 24, 2007). He did not petition for certiorari review.

On December 15, 2008, Mr. Harrison submitted the instant 28 U.S.C. § 2241 application to this Court, which filed the application on December 23, 2008. Habeas corpus applications filed pursuant to § 2241 are subject to the 28 U.S.C. § 2245(d) time bar. *See Burger v. Scott*, 317 F.3d 1133, 1138 (10th Cir. 2003). Section 2244(d) provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

4

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Although Mr. Harrison did not petition to the Colorado Supreme Court for certiorari review, he had thirty days after October 2, 1997, when the Colorado Court of Appeals denied his petition for rehearing, to do so. *See* Colo. R. App. P. 40, 52(b)(3). Therefore, Mr. Harrison's conviction became final on November 1, 1997, thirty days after the state appeals court denied the petition for rehearing. The Court also finds that the one-year limitation period began to run on November 2, 1997, the day after his conviction became final, and expired on November 2, 1998, because Mr. Harrison does not allege that he was prevented by unconstitutional state action from filing this action

5

sooner, he is not asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, and he knew or could have discovered the factual predicate for his claims before his conviction became final.

Even assuming that the limitation period was tolled by Mr. Harrison's postconviction motions pending through October 28, 2002, when the Colorado Supreme Court denied certiorari review of the denial of his refiled Colo. R. Crim. P. 35(c) motion, the limitation period expired during the 1,011 days between December 27, 2002 and October 3, 2005. As discussed previously, Mr. Harrison's prior habeas corpus application was pending between December 27, 2002, when he filed the application in this Court, and October 3, 2005, when the United States Supreme Court denied certiorari review. The prior habeas corpus action did not affect the running of the one-year limitation period. An application for federal habeas corpus review is not an "application for State postconviction or other collateral review" within the meaning of 28 U.S.C. § 2244(d)(2) and, therefore, did not toll the limitation period during the pendency of Mr. Harrison's first habeas corpus application. **See Duncan v. Walker**, 533 U.S. 167, 181-82 (2001). Therefore, the instant action is time-barred in the absence of some reason to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. **See Miller v. Marr**, 141 F.3d 976, 978 (10th Cir. 1998). Simple excusable neglect is not sufficient to support equitable tolling. **See Gibson v. Klinger**,

6

232 F.3d 799, 808 (10th Cir. 2000). Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. **See Miller**, 141 F.3d at 978. Finally, Mr. Harrison bears the burden of demonstrating that equitable tolling is appropriate in this action. **See id.**

Mr. Harrison fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Harrison fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed as barred by the one-year limitation period in 28 U.S.C. § 2244(d).

DATED at Denver, Colorado, this 19 day of June, 2009.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-02784-BNB

Thurman Harrison, Jr.
Prisoner No. 47608
Fremont Correctional Facility
PO Box 999 - Unit 2-F-1
Cañon City, CO 81215-0999

Roger G. Billotte
Assistant Attorney General
**DELIVERED ELECTRONICALLY**

  I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 6/22/09

            GREGORY C. LANGHAM, CLERK

            By: _____
               Deputy Clerk